UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                        Case No. 15-20283

                                        Hon. George Caram Steeh

SASHANTI MORRIS,

    Defendant.
_____/

ORDER DENYING MOTION FOR RESIDENTIAL
RE-ENTRY CENTER PLACEMENT (ECF NO. 420)

On October 23, 2020, Defendant Sashanti Morris submitted a letter to the court, seeking placement in a residential re-entry center (RRC) for the final twelve months of her sentence. The Bureau of Prisons (BOP), not the court, has the discretionary authority to place an inmate in an RRC. *See* 18 U.S.C. § 3624(c)(1), as amended by the Second Chance Act of 2007, Pub. L. No. 110–199, § 251, 122 Stat. 657 (2008). In evaluating an inmate for RRC placement, the BOP considers several factors, including the court's recommendation, which is not binding. 18 U.S.C. § 3621(b). "The decision to place an inmate in a pre-release community confinement is discretionary and will be 'determined on an individual basis' according to the factors in 18 U.S.C. § 3621(b)." *United States v. George*, 2018 WL 2148179 at *2 (E.D.

-1-

Mich. May 10, 2018). *See also* 18 U.S.C. § 3624(c). These factors are as follows:

> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence--
>     (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>     (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C.A. § 3621(b). The statute further provides that "[a]ny order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person." *Id.*

Morris has not indicated whether the BOP has evaluated her for RRC placement. To the extent she is requesting that the court order RRC placement, her request is denied because that decision is within the exclusive purview of the BOP. *See* 18 U.S.C.A. § 3621(b) ("[A] designation of a place of imprisonment under this subsection is not reviewable by any court.").

To the extent that Morris seeks the court's non-binding recommendation, the court is not inclined to make a recommendation for or against RRC placement. As other courts have recognized, the BOP is in the best position to determine whether placement in a community corrections facility is appropriate. *See George*, 2018 WL 2148179 at *3 ("The BOP has the most complete and accurate information regarding the five factors to make an individual determination regarding Defendant's placement."); *United States v. Franklin*, No. 15-20283, 2019 WL 4942033, at *1 (E.D. Mich. Oct. 8, 2019); *United States v. Brooks*, 2019 WL 118593 (W.D. Ky. Jan. 7, 2019); *United States v. Parks*, 2018 WL 3135940 at *1 (N.D. Ohio June 27, 2018).

Accordingly, IT IS HEREBY ORDERED that Morris's motion for RRC placement (ECF No. 420) is DENIED.

Dated: December 2, 2020

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 2, 2020, by electronic and/or ordinary mail and also on Sashanti Morris #54485-039 FCI Hazelton, Federal Correctional Institution, P.O. Box 5000, Bruceton Mills, WV 26525.

s/Brianna Sauve
Deputy Clerk